UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LORENZO GRIER,

    Plaintiff,

v.     06-CV-3206

FORREST ASHBY et al.,

    Defendants.

### **Order**

    The plaintiff, currently incarcerated in Hill Correctional Center, seeks damages under 42 U.S.C. § 1983 for alleged procedural due process violations and a false disciplinary ticket. The plaintiff lost three months of good time as a result of the alleged constitutional violations and the false disciplinary ticket.

    Inmates "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" must pursue their challenge under the habeas statute (if the challenge can be made at all), not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000). If the plaintiff's allegations are true, he arguably should not have lost good time. Finding in his favor would necessarily imply that his good time should be restored, which would in turn require his earlier release. *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000)(prisoners who want to challenge "administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.")(citations omitted). This rule "prevents prisoners from making an end-run around the need to challenge the validity or duration of their convictions using the vehicle of habeas corpus, rather than through an action under 42 U.S.C. § 1983 or Bivens." *Jogi v. Voges*, 425 F.3d 367, 385 (7th Cir. 2005), citing *Wilkinson v. Dotson*, 544 U.S. 74 (2005). The rule applies even though the plaintiff does not ask for restoration of his good time.

    The court must therefore dismiss this case without prejudice because it was filed under the wrong "legal label." *See Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005). It is not appropriate for the court to simply change the label of this § 1983 action to a habeas corpus action. *See Moore v. Pemberton*, 110 F.3d 22, 23-34 (7th Cir. 1997)(discussing differences in actions); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). That decision must be made by the plaintiff after careful


consideration of habeas corpus requirements. Habeas corpus actions are very different from § 1983 actions.[1]

The court stresses it is not deciding the merits of the case. Dismissal "without prejudice" means that the plaintiff may refile his case immediately as a habeas corpus action under 28 U.S.C. § 2254, subject to the rules and limitations of those proceedings. Refiling this case under habeas corpus will likely carry consequences the plaintiff should carefully consider (*see* footnote 1). The court expressly states no opinion on the potential merits of a habeas corpus petition by the plaintiff.

IT IS THEREFORE ORDERED the plaintiff's complaint is dismissed, without prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994) and progeny.[2] All pending motions are denied as moot, case terminated. The merit review hearing scheduled for September 27, 2006, is cancelled.

Entered this 26th Day of September, 2006.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[1] For example, habeas corpus actions have strict time limits and require exhaustion of state remedies. 28 U.S.C. § 2254(b)(1). Additionally, prisoners are, for the most part, limited to bringing one habeas corpus petition. *See* Rule 9 governing 28 U.S.C. § 2254 cases; *Pischke v. Litscher*, 178 F.3d at 500. If the first petition is denied, second or successive petitions are not allowed except under very limited circumstances. *See* 28 U.S.C. § 2244(b)(2). Further, to succeed on the merits the plaintiff must show that the state's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Schaff v. Snyder*, 190 F.3d 513 (7th Cir. 1999).

[2] *Heck v. Humphrey* is the Supreme Court case often cited for the rule.